**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>    Plaintiff,<br>v.<br>Candice Valencia Ray,<br>    Defendant. | No. CR-20-00780-001-PHX-DJH<br>**ORDER** |

Defendant, Candice Valencia Ray, in *pro se*, filed a Motion to Stay Garnishment Proceedings. (Doc. 45). Plaintiff, United States, opposes Defendant's Motion and asks the Court to deny the Motion. (Doc. 46). For the following reasons, the Court will deny Defendant's Motion.

**I.    Background**

Defendant, an enrolled member of the Salt River Pima-Maricopa Indian Community (the "Community"), was indicted on multiple felony offenses, which she resolved through a plea agreement with the United States. (Doc. 34). Importantly, in her plea agreement she agreed to pay restitution via her per capita payments: "the defendant agrees that any such 'per capita' payment shall be paid over to the Clerk of the Court and applied to the defendant's restitution obligation until restitution to all victims is paid in full." (*Id*. at 3). On December 8, 2021, the Court entered a Judgement against Defendant and ordered her to pay restitution in the amount of $27,578.54. (Doc. 37). The Court ordered that "payment of criminal monetary penalties are due during imprisonment at a rate of not less than $25

per quarter[.]" (*Id*. at 2).

On February 25, 2022, the Community filed an Answer of Garnishee, confirming that the Community has custody over Defendant's quarterly per capita payments and that the Community is authorized to submit these payments satisfy the outstanding restitution. (Doc. 43). On March 3, 2022, Defendant filed this Motion to Stay Garnishment Proceedings stating that a "need and [] importance" existed to place her garnishment of property proceedings on hold. (Doc. 44). Defendant states that she does "not fully understand the legalities or formalities involved." (*Id.*) The Government filed a Response asking the Court to deny Defendant's Motion, arguing that Defendant failed to follow statutory requirements when requesting a hearing on garnishment. (Doc. 46).

**II.   Discussion**

The Mandatory Victims Restitution Act (the "MVRA") states: "[if] a person is obligated pay restitution, or pay a fine, [and] received substantial resources from any source, including inheritance settlement or other judgement during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fines still owed." 18 U.S.C. § 3664(n). Courts have routinely held that per capita payments from Indian gaming distributions are subject to garnishment under the MVRA. *See United States v. Webb*, 2014 WL 2153954, at *5 (D. Ariz. May 15, 2014) (finding Indian gaming distributions are not exempt from garnishment under the MVRA); *United States v. Weddell*, 12 F. Supp. 2d 999, 1000 (D.S.D. 1998), *aff'd*, 187 F.3d 645 (8th Cir. 1999). The Federal Debt Collection Procedures Act of 1990 (the "FDCPA") "provides the exclusive civil procedure for the United States to recover a judgment on a debt." 28 U.S.C. § 3201; *see also U.S. v. Bird*, 2009 WL 4801374, at *3 (W.D. N.C. Dec. 8, 2009) ("When Congress enacted the FDCPA, it defined 'garnishee' as any person who has custody of any property in which the debtor has a nonexempt interest; and it defined 'person' as including an Indian tribe."). Once a garnishee files an answer to the court's application for writ of garnishment, the "judgment debtor or the United States may file a written objection to the answer and request a hearing . . . stat[ing] the grounds for the objection." *United States v. Moussa*, 2016 WL 1625669, at *2 (D. Ariz. Apr. 25, 2016);

28 U.S.C. § 3205(c)(5).

The FDCPA outlines three objections, or issues, that the Defendant may raise in a motion to request a hearing before garnishment occurs. 28 U.S.C. § 3202(d). These issues are limited to the "probable validity of any claim of exemption by the judgement debtor," to comply with "any statutory requirement for the issuance of the postjudgment remedy granted", and if the judgement is by default then "only to the extent that the Constitution or another law of the United States provides a right to a hearing." *Id.*; *U.S. v. Manuel*, 2013 WL 5530679, at *3 (D. Ariz. Oct. 7, 2013). Defendants bear the burden of proof that a basis for relief exists under one or more of these enumerated issues. 28 U.S.C. § 3205(c)(5) ("[T]he party objecting shall state the grounds for the objection and bear the burden of proving such grounds."); *United States v. Turnipseed*, 2021 WL 3630522, at *1 (W.D. Wash. Aug. 17, 2021) ("The judgement debtor has the burden of proving that basis for relief exists."). Courts have routinely denied a hearing where a defendant failed to make an objection, or an objection was made but lacked merit under the statute. *See U.S. v. Pedro*, 2011 WL 262226, at *3 (D. Ariz. May 16, 2011) (finding absent a valid objection to the writ of garnishment there is no lawful basis to set a hearing).

As stated above, the Defendant agreed to make restitution, including through her per capita distribution payments, as part of the resolution of her case. Moreover, Defendant did not object to the Answer of Garnishee, request a garnishment hearing, or outline any reasons for her stay request. Under 28 U.S.C. § 3202(d), a defendant is required to set forth grounds explaining why a hearing is requested so the court can determine whether there are valid grounds for a hearing. Defendant's bare bones Motion does not follow the statutory requirements as she provides no basis for her request to quash the writ of garnishment. *See Pedro*, 2011 WL 262226, at *3 (where defendant did request a hearing but his repeated failure to claim an exemption or raise a valid objection to the writ of garnishment rendered any future hearing needless). Defendant has not argued one of the three enumerated issues in her request for a hearing or provided a reasoned objection to the

Answer of the Garnishee.[1]

Though the Defendant is *pro se* and argues an inability to understand "the legalities or the formalities involved," she was provided with the statutorily required documents, pursuant to 28 U.S.C. § 3004, that explain how to request a hearing. (Doc. 41-1). Acting in *pro se* does not excuse her from following the statutorily defined requirements. *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir.1986) (*pro se* prisoner's lack of knowledge of law was unfortunate but insufficient to establish cause).

### III.  Conclusion

Defendant's Motion fails to provide a cognizable objection to the Answer of the Garnishee and she did not request a hearing or set forth an issue as required under 28 U.S.C. § 3202.

Accordingly,

**IT IS HEREBY ORDERED** denying Defendant's Motion for Stay of Garnishment (Doc. 44).

Dated this 28th day of April, 2022.

Honorable Diane J. Humetewa
United States District Judge

---

[1] A claim of financial hardship is not a valid reason under § 3202(d) to contest garnishment. *United States v. Thede*, 202 WL 1952595, at *1 (D. Ariz. Apr. 23, 2020).